**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BOBBY L. SPEARS,                          )
                                          )
      Plaintiff,                       )
                                          )
    v.                                    )          Case No. 4:26-CV-00357-RHH
                                          )
SAINT LOUIS COUNTY,                       )
                                          )
      Defendant.                       )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Bobby L. Spears brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2.] Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding in forma pauperis, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint, on a Court-provided form, in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner at Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Plaintiff's Complaint

On March 10, 2026, Plaintiff submitted a "Motion of Notice Intent to Prosecute Civil Claim" in this action, which this Court interpreted as a Civil Complaint.[1] [ECF No. 1]. Although Plaintiff is currently confined at MECC, the allegations of his Complaint pertain to a period of confinement at the St. Louis County Justice Center. According to Plaintiff, in May 2024, he slipped and fell from the "top walk" down to the "bottom walk" due to a puddle of water on the floor of the County Justice Center. After the fall, Plaintiff was seen by a nurse and given Tylenol. Because

---

[1] Plaintiff previously filed a similar civil action against Defendant St. Louis County on August 28, 2025. *See Spears v. St. Louis County, et al.,* No. 4:25-CV-01305 CMS (E.D.Mo.). Plaintiff was ordered to amend his Complaint on December 16, 2025. After he failed to do so in a timely manner, the action was dismissed pursuant to Federal Rule of Civil Procedure 41(b) on February 2, 2026.

Plaintiff's Complaint is handwritten and lacks factual allegations relative to his claims, the Court will require Plaintiff to amend his pleading on a Court-form. *See* Local Rule 2.06(A).

In amending his pleading, Plaintiff should take care to differentiate whether he is bringing a claim for negligence against the named Defendant or for a separate claim for relief. Assuming that Plaintiff was a pretrial detainee at the time of the incident, the United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For example, to establish a conditions of confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). It is not enough for Plaintiff to provide evidence of negligence, as deliberate indifference requires a "highly culpable state of mind approaching actual intent" and inadvertence is not sufficient to meet this standard. *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

As to Plaintiff's allegations regarding an alleged "slip and fall," Plaintiff must provide sufficient factual allegations to establish that the water puddle on the floor of the Justice Center was an excessive risk to Plaintiff's safety and that Defendant knew about the risk and deliberately disregarded it. Additionally, as currently written, Plaintiff names only St. Louis County as the sole defendant in this action. Thus, he must allege how a custom or policy of St. Louis County was responsible for his injuries.

**Instructions for Filing an Amended Complaint**

Plaintiff must **type or neatly print** the amended complaint on the Court-provided Prisoner Civil Rights Complaint form. *See* E.D. Mo. L.R. 2.06(A). Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citing 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1476, pp. 636-37 (3d ed. 2010))); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered.

The amended complaint must comply with the Federal Rules of Civil Procedure. The Federal Rules require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a)

("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208. It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 25th day of March, 2026.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE